NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2570
_____

SENECA INSURANCE COMPANY, a/s/o WILD BLUE MANAGEMENT LP,
                                                                    Appellant

v.

MARK BEAL, d/b/a MARK'S MAINTENANCE AND REPAIR

v.

LARRY D. JEFFRIES, d/b/a L&D CONTRACTING;
GENE NEWHAMS, d/b/a GN ELECTRICAL;
CHRIS SOKOL; WILD BLUE MANAGEMENT LP

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:13-cv-01737)
District Judge: Honorable Robert C. Mitchell

_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 9, 2019

Before: RESTREPO, ROTH, FISHER, *Circuit Judges*

(Opinion filed: July 17, 2020)

_____

OPINION*

_____

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Seneca Insurance Co. ("Seneca"), as Subrogee of Wild Blue Management LLP, challenges the District Court's denial of Seneca's motion *in limine*, which requested the disqualification of defendant's expert Ralph Dolence and the denial of its post-trial motion for a new trial. For the reasons that follow we affirm.

**I.**

This appeal arises out of a claim of negligence against Mark Beal and Mark's Maintenance and Repair (collectively, "Beal") after a fire on December 17, 2012 that caused substantial and costly damage to the Natrona Heights Shopping Plaza owned by Wild Blue Management, Inc. in Natrona Heights, Pennsylvania. As its insurer, Seneca paid Wild Blue Management's losses resulting from the fire. The dispute at trial was over the origin and cause of the fire, whether Beal acted negligently while removing a neon sign, and whether those actions or omissions were a factual cause of the fire. At trial, plaintiff employed three experts: Dennis Brew, who specialized in installing and removing neon signs; Gerald Kufta, a private investigator specializing in fires; and Samuel Sero, a forensic engineer. At issue in this appeal is the testimony of defendant's only expert witness, Ralph Dolence ("Dolence"), a career fire fighter, fire officer, licensed master electrician, and forensic expert.

On March 28, 2018, the jury reached a verdict that Beal was negligent when he removed a neon sign from the façade of a vacant storefront in the plaza, but that Beal's actions or omissions were not the factual cause of the fire. Because the jury found that

2

Beal's actions or omissions were not the factual cause of the fire, it did not determine what percentage of negligence should be attributed to Beal. On April 25, 2018, Seneca filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The District Court denied Seneca's motion on June 14, 2018. Seneca timely appealed.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

## II.

### A. Motion *in Limine*

Appellant claims the District Court abused its discretion when it denied Seneca's motion *in limine*, asserting that Dolence's expert witness testimony was speculative and lacked foundation. We review the District Court's decision for abuse of discretion, and will not disturb its decision unless "no reasonable person would adopt the district court's view." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). To constitute an abuse of discretion, the District Court's decision must have been "arbitrary, fanciful, or clearly unreasonable." *Id*.

Under Fed. R. Evid. 702, the trial judge serves as a gatekeeper to determine whether the witness' methodology is relevant and reliable. *Kannankeril v. Terminix Int'l, Inc.,* 128 F.3d 802, 806 (3d Cir. 1997). "[I]f the methodology and reasoning are sufficiently reliable to allow the fact finder to consider the expert's opinion, it is that trier

of fact that must assess the expert's conclusions." *In re TMI Litig.*, 193 F.3d 613, 665 (3d Cir. 1999).

Whether or not expert testimony is admissible "focuses on principles and methodology and not the conclusions they generate." *Kannankeril*, 128 F.3d at 807. Dolence was qualified as an expert witness under Rule 702 because of his knowledge from years of professional experience, which included over 30 years as a fire investigator and 40 years as a licensed electrician. At the time of his testimony, Dolence, a qualified forensic expert in 30 states, had served on arson task forces, investigated over 12,000 fires, and taught hundreds of classes on fire causes and origin investigations.

Dolence's testimony was based on, among other things, his personal observations and review of materials from the fire investigation. The foundation of his opinion was an examination of several hundred photographs, videos, and other documentation provided by the township, fire marshal, and individuals who were at the scene of the fire. He also analyzed depositions, documents, and reports provided by appellant's experts and attended a joint evidence examination with Gerald Kufta and several other experts. Dolence based his opinion on standards and guidelines of the National Fire Protection Association ("NFPA"). Using his expert knowledge, Dolence examined the evidence and facts provided to him and compared it to the industry standard, and ultimately testified that the cause of the fire was "undetermined" because the fire investigation was improper and other causes were not ruled out.

Upon review of Dolence's report and testimony, there is no "definite and firm conviction that the [District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Oddi v. Ford Motor Co.,* 234 F.3d 136, 146 (3d Cir. 2000). For these reasons, the District Court did not abuse its discretion in denying Seneca's motion *in limine.*

## B. Motion for a new trial

Seneca also appeals the District Court's denial of its post-trial motion for a new trial. Seneca asserts that it is entitled to a new trial because Dolence's testimony was improper, as it caused jury confusion regarding the legal standard for proving factual causation of the fire. We review the District Court's decision for abuse of discretion. *Leonard v. Stemtech Int'l Inc.,* 834 F.3d 376, 386 (3d Cir. 2016).

Seneca argues that Dolence's testimony implied that the standard of proof was to rule out every other cause of the fire and that he testified to hypothetical causes of the fire. As the District Court properly noted in its Memorandum and Order, Dolence's testimony about the flaws in the fire investigation was permissible. Dolence specifically testified about the flaws in the methodology and parts of the investigation that were, in his opinion, improper based upon NFPA 1033, which outlines the proper ways investigators must collect and preserve evidence.

The record reflects that Dolence did not impose a burden of proof or outline a legal standard as Seneca alleges. Rather, he described the methods of fire investigation under NFPA and the methods he knew should be employed based on his experience of

5

examining over 12,000 fires over the course of his 30-year career as a fire investigator. Although Dolence's testimony may have contradicted the opinions of Seneca's experts, as the District Court properly noted, Seneca had the opportunity to attack the credibility of Dolence's testimony through cross examination and did so at trial.

As part of its argument, Seneca points to an "inconsistent" verdict, because the jury found Beal to be negligent but that his negligence was not a factual cause of the fire.[1] The two questions answered by the jury were: (1) "Was the defendant, Mark Beal doing business as Mark's Maintenance and Repair, negligent?"; and (2) "If you answered Question No. 1 'Yes,' was the negligence of Mark Beal doing business as Mark's Maintenance and Repair a factual cause of any harm to the plaintiff?" App. at 0002 – 0003.

These are two separate questions, designed to determine whether or not Beal was liable. For Beal to be found liable for the damage of the fire, the jury needed to answer "Yes" to Question 2. Two distinct answers to these separate questions does not demonstrate that Dolence mislead the jury through his testimony. Rather, this simply indicates that the jury, weighing the evidence presented by both parties, deliberated and concluded that Beal's actions or omissions were not the factual cause of the fire.

---

[1] Seneca does not dispute that it waived any challenge to the verdict on appeal, but rather argues that what it claims to be an "inconsistent" verdict is evidence that Seneca was prejudiced by Dolence's testimony.

6

For the reasons set forth above, we affirm the District Court's decision to deny Seneca's motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial.